STATE OF VERMONT v. WALTER MARTIN, APT.

October Term, 1895.

*Repeal of statute by implications. Abatement of liquor nuisance.*

1.  No. 68, Acts 1894, providing that the court of chancery may abate a nuisance created by the unlawful sale of intoxicating liquor, does not repeal by implication R. L., ss. 3837-40, which provide for the abatement of the same kind of a nuisance by other means.

2.  When a subsequent statute repeals a preceding one by implication considered.

Appeal from the judgment of a justice of the peace adjudging the respondent guilty of maintaining a nuisance. In the county court the respondent moved that the complaint be dismssed for that those sections of the statute upon which it was founded were repealed by Act No. 68, 1894. Heard upon such motion at the March term, 1895, Rutland county, Thompson, J., presiding. Motion denied. The respondent excepts. Exception passed to supreme court before final judgment.

*J. M. Slade* for the respondent.

*J. C. Jones*, state's attorney, for the state.

TAFT, J.   The respondent is complained of for keeping a nuisance and the only question before us is whether R. L., ss. 3837-8-9-40, were repealed by the passage of No. 68, Acts

1894. They were not repealed in express terms. The two statutes are not repugnant, for a remedy to abate a nuisance, if there is no other objection, may well exist, both at law and in equity. It is argued that the sections in question were repealed by implication, by the passage of the Act of 1894. A repeal by implication is not favored. Although every statute is, by implication, a repeal of all prior statutes on the same subject, so far as it is contrary and repugnant thereto, and that without any repealing clause, it is not a repeal if it be possible to reconcile the two acts of the legislature together. A repeal by implication is permitted only in cases of very strong repugnancy or irreconcilable inconsistency such as does not exist in this case.

It is insisted that the legislature intended to repeal ss. 3837-8-9-40, R. L., by the passage of No. 68, Acts 1894, but such could not have been its intent, for at the same session the sections were continued by the passage of V. S., ss. 4513-4-5-6.

*The ruling of the court below was correct, its judgment is affirmed and cause remanded.*