Petition for a Rule to Show Cause Why Thomas S. Lewis Should Not Be Punished for Favors and Corruptions.

Justices of the Peace—Control by Judges of Superior Court—Offenses.

The object of *Rev. Code*, 1852, amended to 1893, *p.* 697, *c.* 92, § 2, authorizing the judges of the Superior Court to examine and punish omissions, favors, and corruptions of justices of the peace, is to give the judges supervisory powers by summary process over justices of the peace, though not so as to

conflict with *Const. art.* 1, § 8, *article* 4, § 30, and *article* 5, §§ 7, 8, providing that no person shall for any indictable offense be proceeded against criminally by information, etc., and a justice of the peace, guilty of oppression and favoritism, is guilty of an offense indictable at common law and under *chapter* 127, § 18, and he cannot be proceeded against under *chapter* 92.

(*January* 16, 1913.)

Judges BOYCE and RICE sitting.

*Hugh M. Morris*, of *Saulsbury and Morris*, for the rule.

*Robert H. Richards*, *contra*.

Superior Court, New Castle County, January Term, 1913.

RULE TO SHOW CAUSE (No. 166, September Term, 1912) why Thomas S. Lewis should not be punished for the favors and corruptions alleged in the petition.

The facts and the questions of law presented appear in the opinion of the court.

RICE, J., delivering the opinion of the court:

This is a rule issued by the judges of the Superior Court in and for New Castle County, directed to Thomas S. Lewis, a justice of the peace, to show cause, if any he has, why he should not be punished for the favors and corruptions in the case of *The Goodyear Tire & Rubber Co. v. The Bradford Co.*

The petition upon which the rule issued sets forth that The Goodyear Tire & Rubber Company commenced an action before Thomas S. Lewis, a justice of the peace, to recover from The Bradford Company, the petitioner, the sum of $57.57 with interest from March 6, 1911; that the plaintiff in the action was represented by counsel who uniformly instituted such suits before the justice; that the judgment was in favor of the plaintiff for the full amount of its claim; that the evidence did not warrant judgment being entered against the defendant in that action (the petitioner in this proceeding); that counsel for the plaintiff improperly read to the justice a letter from The Goodyear Tire & Rubber Company; that the justice as a favor to said counsel considered said letter in reaching his determination in the case; that the judgment was not based on the evidence, but was corruptly rendered by the justice as a favor to counsel as aforesaid.

The petition further sets forth that the major portion of the civil actions instituted before the said justice are instituted by the counsel as aforesaid, and that the fees of the justice so derived, form a considerable portion of his fees from civil cases; that the justice uniformly and without exception renders judgment in favor of plaintiff represented by the counsel as aforesaid, or his law partner.

Thomas S. Lewis, the respondent, made answer under oath in which he admitted that he is a justice of the peace, that The Goodyear Tire & Rubber Company commenced an action before him against The Bradford Company, and that judgment was given in favor of plaintiff, also that at the hearing a letter from the plaintiff company was read by counsel for the plaintiff, but states it was read without objection on the part of defendant, and in his answer denies that the letter was considered by him in reaching his determination in said case, and he also denies all and every act of fraud, corruption or favoritism alleged in the petition, and his counsel asks that the rule be discharged.

This action is brought under the provisions of *Section 2, Chapter 92, Revised Code, p. 697*, which section is as follows:

"The said judges, or any two of them, shall have full power and authority to examine, correct and punish the contempt, omissions, neglects, favors, corruptions and defaults of all justices of the peace, sheriffs, coroners, clerks and other officers within this state; and also shall award process for levying all such fines, forfeitures and amercements as shall be imposed, or recovered, in said court; and generally shall minister justice to all persons, and exercise the jurisdictions and powers hereby granted them, concerning the premises, according to law and equity, as fully and amply, to all intents and purposes whatsoever, as the justices of the King's Bench and Common Pleas at Westminister, or the Chancellor of England, may or can do."

Counsel for the respondent claims that the rule should be discharged for the reasons (1) that the respondent has made answer under oath fully denying all the averments of fraud, corruptions and favors contained in the petition, and it comes within the decision of this court in the case of *King v. Reading*, 5 *Harr.*

399; (2) that the offense charged is an indictable one and that said *Section* 2 must be considered in connection with *Article* 1, *Section* 8, of the *Constitution* of this state and cannot be determined by this summary proceeding.

In the case of *King v. Reading, supra,* a rule was laid on the defendant, a justice of the peace, to show cause why an attachment should not issue against him for official neglect and default. The petitioner stated in his petition that the justice had refused an appeal to which he was entitled and in which he had offered sufficient security, and had also refused to give a transcript of his record.

On return of the rule, the justice appeared, and by affidavit fully denied the facts set forth in the petition, the court thereupon ordered the proceeding to be dismissed.

The decision of the court in the *King case* seems to be based on the idea that it was a contempt on the part of the justice to refuse an appeal to the higher court, and the justice in his answer under oath having fully denied the contempt, and the facts constituting it he was thereupon purged of the same, and dismissed following the practice in attachment cases at common law. *Bacon's Abridgement, Vol.* 1, *p.* 471; *Rapalje on Contempts,* § 119.

In a similar proceeding in the case of *In re Tull,* 2 *Boyce* 126, 78 *Atl.* 299, it was averred in the petition that the respondent, an alderman, fined a boy without a lawful hearing and made no record of the proceeding upon which an appeal or certiorari could be taken, and that the alderman was thereby prevented from giving a transcript of his record to the petitioner when requested. At the return of the rule the respondent appeared and made no answer. It appeared at the hearing, by the testimony of witnesses and by admissions of the respondent, that the charges in the petition were true. The court fined the alderman, holding that such an officer is included in the phrase "other officers" contained in said statute.

Judge Woolley delivering the opinion of the court, said:

"We think that when an officer, be he justice of the peace or an alderman, is clothed by the law with original jurisdiction,

he must keep a record of his judicial proceedings in order that a person brought before him may avail himself of the rights which may be guaranteed by the law, without which the law's guaranty is of no avail. The Constitution guarantees the right of certiorari. We think, that in this case not through bad motives, but through the omissions, neglects and defaults, the respondent was in the wrong in not trying the case in an orderly way upon a charge properly laid, and in convicting the boy without such an orderly hearing or without a plea of guilty, and that he was in error in not keeping a record of his proceedings so that the wrong in his proceedings could be corrected by another tribunal, and therefore we are constrained to make the rule absolute."

It thus appears in the *King case*, where the justice made answer under oath denying the charges of neglects and defaults, the rule was discharged, and in the *Tull case*, where the justice or magistrate did not make answer under oath denying the omissions, defaults and neglects, a hearing was had before the judges.

The purpose of *Section 2, Chapter 92*, undoubtedly is to give the judges of the Superior Court general supervisory powers by summary process over justices of the peace and inferior officers to the extent therein expressed, but not in conflict with the Constitution of this state. If the charges made against the justice in this case were similar to those made either in the *King case* or in the *Tull case*, we should be constrained to regard the decision as decisive of the matter. While this case may be so similar to the *King case* in principle that we should follow the decision of the court in that case, to the extent of discharging the rule on the answer filed, yet it being manifest that the favors and corruptions charged in this petition are different from the contempts, omissions, defaults and neglects charged in that case, we do not think that the mere dismissal of the rule on the first ground would be proper without considering the second. In the *King case* and the *Tull case* it appears that the justice had failed to perform some act which in itself was denying this court the right of supervision over the acts of the justice, while in the present case the defendant in the case below was not denied, by any act of the justice, to either his right of appeal or certiorari allowed by law, nor was

the justice in conflict with any rule of the Superior Court which would make him in contempt of that court, but on the other hand the justice is charged in the petition with acts of oppression which the respondent claims to be indictable under the laws of this state.

In *Rex v. Barren*, 3 *B. & A.* 432, it is said: "On motions for information against magistrates the question is, not whether the act done might on free investigation be found to be strictly right, but whether it proceeded from oppression, dishonest, or corrupt motives (under which fear and favor may generally be included) or from mistake or error; in either of the latter cases the court will not grant a rule."

In *King v. Okey*, 45 *Modern* 45, a rule was granted to show cause why an information should not be filed against the defendant, who was a justice of the peace, for sending the prosecutor to the house of corrections without a sufficient cause. Leave was given by the court to file an information against the justice of the peace.

In the case of *Rex v. Harris and Price, Justices of the Peace,* 3 *Burrows*, decided in 1765, Lord Mansfield said: "The court should never interpose against magistrates unless they have acted from bad motives and *mala fide*; especially in such a case as this where they are entrusted with an absolute discretion. And for that very reason, this is the strongest case for the interposition of the court if it appears that they have acted upon corrupt motives."

"The court thought it a proper case for an information and made the rule absolute."

By an examination of the above authorities and many others it is determined that the procedure in the court of King's Bench in like cases was in the form of a motion for a rule to show cause why an information should not be filed against the respondent. But in this state *Article* 1, *Section* 8, of the *Constitution* of 1897, provides that "No person shall for any indictable offense be proceeded against criminally by information, except in cases arising in the land or naval forces, or in the militia when in actual service in time of war or public danger;  *  *  * "

It is not claimed by the petitioner that this case comes within the exceptions mentioned in the above section, or exceptions

set forth in *Section* 30, *Article* 4, and *Sections* 7 and 8, *Article* 5, of the *Constitution*.

In this state a procedure by way of information in like cases as at common law would be in conflict with the provisions of the Constitution of this state, and such a proceeding is not within the contemplation of said *Section* 2, *Chapter* 92, of the *Code*.

Under the provisions of *Section* 18, *Chapter* 127, *Revised Code*, 926, "Assaults, batteries, nuisances and all other offences indictable at common law and not specially provided for by statutes, shall be deemed misdemeanors, and shall be punishable by fines or imprisonment, or either, according to the discretion of the court."

Counsel for the petitioner makes no claim that the favors and corruptions stated in the petition are specially provided for by statute in this state, other than by *Section* 2, although he submits "that the common-law punishment of oppression and partiality of justices of the peace was by information rather than by indictment." We think the question at this point to be whether the acts of oppression charged against the respondent were indictable offenses at the common law and not whether proceeding might be had at common law by way of information; for if the corruptions and favors with which the respondent is charged were indictable at common law, then under *Section* 18, *Chapter* 127, they would be indictable offenses under the laws of this state and it would be against the provisions of *Article* 1, *Section* 8, to proceed except by indictment.

In *Hawkins' Pleas of the Crown, Volume* 2, *p.* 289, we find this statement: "There can be no doubt but that all capital crimes whatsoever, and also all kinds of inferior crimes of a public nature, as misprisions, and all other contempts, all disturbances of the peace, all oppressions, and all other misdemeanors whatsoever of a public evil example against the common law, may be indicted, but no injuries of a private nature, unless they some way concern the King."

In *Russell on Crimes* (*8th Amer. Ed. Vol.* 1, *p.* 45), is the following: "It is clear that all felonies, and all kinds of inferior crimes of a public nature, as misprisions and all other contempts,

all disturbances of the peace, oppressions, misbehavior by public officers, and all other misdemeanors whatsoever of a public evil example against the common law, may be indicted."

The same authority at page 135 of the same volume states: "The oppression and tyrannical partiality of judges, justices and other magistrates in the administration, and under color of their offices, may be punished by impeachment in Parliament, or by information or indictment, according to the rank of the offenders, and the circumstances of the offense. Thus, if a justice of the peace abuses the authority reposed in him by law, in order to gratify his malice, or promote his private interests or ambition, he may be punished by indictment or information."

From the authorities it is clear that offenses of oppression and favoritism were indictable at common law, * * * and if they are indictable at common law then under the provisions of *Section* 18, *Chapter* 127, they are indictable offenses in this state.

Therefore, the respondent being charged in the petition with offenses which are indictable under the laws of this state, we are of the opinion that the petitioner cannot proceed further in this summary proceeding. We order that the rule be discharged.