STATE OF DELAWARE, Appellant, v. DOROTHY LEE WEST INSLEY, Appellee.

(*May* 28, 1958.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*F. Alton Tybout*, Deputy Attorney-General, for appellant.

*David Snellenburg, II*, (of Killoran and Van Brunt) for appellee.

Supreme Court of the State of Delaware, No. 3, 1958.

SOUTHERLAND, C. J.:

 This case relates to the right of a defendant in a criminal case to withdraw a plea of guilty and obtain a trial on the merits.

About midnight on September 6, 1957, Dorothy Lee West Insley, the defendant, was arrested by a State Police officer for

the offense of operating a motor vehicle under the influence of liquor. In accordance with standard practice she was detained in custody.

On the following morning, September 7, another State Police officer drove her to the office of a Justice of the Peace in Brandywine Hundred, where she was formally charged. As appears from the transcript of the magistrate's record, she was notified of her right to waive a hearing and appear before the Court of Common Pleas, or to have a hearing at a later date before the magistrate; and was also notified of her right of appeal to the Superior Court.

She elected to plead guilty and was fined $200, the minimum fixed by the statute. The fine was paid.

On September 20, notice of appeal was given and bond filed. The appeal was never perfected.

On October 1 the defendant sued out a writ of certiorari to the Justice of the Peace. The exceptions set forth in substance that on the way to the magistrate's office on the morning of September 7 defendant had a conversation with the State Police officer, and that he made the following statements to her:

"You have a choice of pleading guilty and paying a $200.00 fine and $4.50 costs or of pleading not guilty and risking a fine of $1000.00 and sentence of 30 days in jail."

"I advise you to plead guilty. You will get the minimum fine and that will be the end of it."

These statements are said to have amounted to "coercion, duress, persuasion and misadvice" invalidating the plea of guilty.

The Superior Court, presumably in order to determine the truth of these allegations, received a statement from the Justice of the Peace, certifying to the circumstances of the arraignment and plea before her, and also an affidavit from the police officer.

The statement from the magistrate is to the effect that the defendant, before pleading guilty, was fully advised of her rights, as before stated, including her right to appear later with counsel. Defendant was also offered the use of the telephone to call any one she wished. The statement also declares that defendant then asked the magistrate and the police officer what she should do and was informed by the magistrate that neither of them could tell her what to do and that she had to decide for herself; that she could call some one if she wished. The defendant appeared to be under a strain and very nervous. She said she did not wish to call any one and pleaded guilty.

The affidavit to the officer is to the effect that he told defendant what were the minimum and maximum fines that could be imposed if she should be found guilty, and explained to her that she could have an immediate hearing or could take her case to the Court of Common Pleas. He denied that he advised the defendant to plead guilty.

After considering the matter, the Superior Court held (1) that the judgment below could not be reversed on certiorari and that the exceptions must be overruled; and (2) that there was conflicting evidence upon the issue of coercion and misadvice; that a substantial question existed whether or not defendant had been denied due process of law; and that all doubts should be resolved in favor of the defendant.

The court then invoked the provisions of the statute relating to its supervisory powers over Justices of the Peace, and that the Justice of the Peace grant to defendant leave to withdraw the plea of guilty and plead not guilty, and directed the Justice of the Peace to try the case on the merits. The State appeals from this order. The defendant does not appeal from the overruling of her exceptions.

The first question that arises is: Under what authority did the Superior Court make the order?

The only matter before the court was the validity of the exceptions to the record. Since these did not directly assail the

correctness of the record, the court correctly overruled them. But the court (irregularly, we think) had received the statement and affidavit above referred to, and then treated the record thus made before it as framing an issue as upon a petition for leave to withdraw a plea of guilty and go to trial. Resolving its doubts upon this issue in defendant's favor, it then held (in effect) that it had inherent authority under the statute referred to to direct the Justice of the Peace to grant leave to withdraw the plea.

We are compelled to hold that in so doing the Superior Court committed error.

■ First, the court had no authority to entertain an application to withdraw a plea of guilty entered before a Justice of the Peace. We find almost no dissent from the proposition that such an application must be made to the trial court. See the cases collected in the annotations at 20 *A. L. R.* 1445 and 66 *A. L. R.* 628. *State v. Martin*, 68 *Vt.* 93, 34 *A.* 40, cited by defendant, is inapposite, since Vermont permits an appeal on the merits from a plea of guilty in a magistrate's court. The law in Delaware is to the contrary. *Martin v. State*, 10 *Terry* 344, 49 *Del.* 344, 116 *A.* 2d 685.

The rule is manifestly sound. Such an application calls for the exercise of a sound discretion. The court that received the plea of guilty is in far better position to exercise such a discretion, for it may start (as here) with some personal knowledge of the circumstances under which the plea was entered. Upon overruling the exceptions, the Superior Court should have dismissed the writ, without prejudice to the defendant's right to make a proper application to the magistrate.

■ Since we have no reported precedent touching the matter, we think it proper, for the guidance of the magistrate, to say that the procedure before her should follow that contemplated by Rule 32(d) of the Rules of Criminal Procedure of the Superior Court, *Del. C. Ann.* That Rule reads:

"Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of *nolo contedere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

The rule is copied from the comparable federal rule. It has been frequently considered by the federal courts. See for example, *United States v. Shneer*, 3 *Cir.*, 194 *F.* 2d 598; *Friedman v. U. S.*, 8 *Cir.*, 200 *F.* 2d 690; *Williams v. U. S.*, 5 *Cir.*, 192 *F.* 2d 39; *United States v. Norstrand Corporation*, 2 *Cir.*, 168 *F.* 2d 481. The proper practice contemplates testimony or affidavits presented to the trial judge. The burden of proving manifest injustice is on the defendant. The decision rests in the sound discretion of the trial court, and is reviewable only for abuse of discretion. To grant the application the trial court must find that the plea was not voluntarily entered or was entered because of misapprehension or mistake of defendant as to his legal rights. If such circumstances be proved, the application should be readily granted; otherwise, it should be denied. The magistrate should, of course, make an appropriate record of the proceedings.

Although in the court below the defendant's claim of coercion or mistake was not supported by anything except an unsworn pleading, and although the advice concerning the statutory penalties for the offense given her by the police officer (according to her exceptions) was correct, we do not attempt to decide here the disputed question of fact. That decision is for the Justice of the Peace, subject to review for abuse of discretion.

In the second place, the statute under which the court undertook to make its order does not, in our opinion, touch this case. That statute (10 *Del. C.* § 542) reads:

"(a)  The Superior Court shall have full power and authority to examine, correct and punish the contempts, omissions,

neglects, favors, corruptions and defaults of all justices of the peace, sheriffs, coroners, clerks and other officers, within this State.

"(b) The Court shall award process for levying all fines, forfeitures and amercements imposed, or recovered, in the Court.

"(c) The Court shall minister justice to all persons, and exercise the jurisdictions and powers granted it, concerning the premises, according to law and equity."

The first paragraph is one that concerns us. The second and third paragraphs are, in our opinion, unrelated to the first, and do not expand its scope. Defendant's argument that the third paragraph in some way enlarges the power conferred by the first paragraph is rejected.

On its face the first paragraph of this section appears to contemplate a direct proceeding against the offending officer designed to punish him for contempt of court or neglect or default in the performance of his duties. The language of the statute is "examine, correct *and* punish". Certainly, before any punishment could be inflicted the Justice of the Peace would be entitled to notice and a hearing. The approved procedure has been a petition by the State or by the aggrieved party and a rule upon the officer. See *King v. Reading*, 5 *Har.* 399; *In re Tull*, 2 *Boyce* 126, 78 *A.* 299; *In re Lewis*, 4 *Boyce* 24, 85 *A.* 593; *State v. Thorne*, 5 *Boyce* 335, 93 *A.* 557. The statute does not apply to a charge of an indictable offense. *In re Lewis, supra.*

The statute is perhaps broad enough to permit the Superior Court to order up the original record for examination, as preliminary to the correction of an error. That court appears to have so held in *Barclay v. Lawton*, 1 *Marv.* 159, 40 *A.* 935.

But whatever may be the precise scope of this statute, it clearly does not authorize the action taken in this case. For the statute to apply there must be some charge against the officer of contempt, neglect, or default. Nothing is charged against the

Justice of the Peace who heard the case. From the record before us, she did nothing but what it was her plain duty to do, and omitted nothing that she should have done. The statute is inapplicable and affords no basis for the order made below.

It follows from what we have said that the order of the Superior Court must be reversed.

The cause is remanded to the Superior Court of New Castle County, with instructions to vacate the order of February 10, 1958, and to enter an order overruling the exceptions and affirming the judgment below, without prejudice, however, to the right of the defendant to apply to the Justice of the Peace for leave to withdraw her plea of guilty and enter a plea of not guilty.