RONALD STOW, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 320, 2008
Supreme Court of Delaware.
Submitted: December 17, 2008
Decided: January 16, 2009
Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

ORDER
JACK B. JACOBS, Justice
This 16th day of January 2009, upon consideration of the briefs of the parties and the record in this case, it appears to the Court that:
1. Ronald Stow, the defendant below, appeals from the denial of a motion to withdraw his guilty plea to Continuous Sexual Abuse of a Child. On appeal Stow argues that the Superior Court abused its discretion. Because we find that Stow's argument is without merit, we affirm.
2. On November 17, 2006, the Delaware State Police arrested Stow for various sexual offenses against his minor son. On January 22, 2007, Stow was charged with eight counts of First Degree Rape, one count of Continuous Sexual Abuse of a Child, and two counts of First Degree Unlawful Sexual Contact. On July 23, 2007, Stow pled guilty to Continuous Sexual Abuse of a Child. As part of the plea bargain, the State dismissed the remaining charges and agreed not to prosecute Stow for the child pornography found on his computer.
3. Stow was represented by the Public Defender's Office. Attorney John Malik, a friend of Stow, also assisted at the plea hearing. At that hearing, the trial court asked Stow whether he committed the crime of Continuous Sexual Abuse of a Child. Stow replied: "No, I did not commit that crime  I guess I have to say yeah. Yes, I did." The trial court directed Stow to confer with his counsel, after which Stow informed the court that he wished to plead guilty. The trial court then asked a series of questions to ascertain whether Stow understood the import and gravity of his plea. Stow's answers indicated that he did.
4. The prosecutor asked Stow's counsel to explain on the record why Stow initially answered "no." Counsel explained that "he didn't understand the question the way the [c]ourt had phrased it because when an indictment gets read, it's longer than the way  at least the way I described things to my client." After that explanation, the trial court asked Stow whether he "wish[ed] to add anything? Do you have any concerns, any questions at all?" Stow's response was "[n]o." The trial court then asked another set of questions to ensure that Stow understood the consequences of his guilty plea. Again, Stow's answers indicated that he did.
5. On November 30, 2007, Stow moved to withdraw his guilty plea, under Superior Court Criminal Rule 32(d), claiming that it had not been knowingly, voluntarily and intelligently made, and that he was coerced into entering his plea. Stow asked the trial court to hold a hearing on that motion. On January 14, 2008, after reviewing the Plea Colloquy, the Superior Court denied Stow's motion. The Superior Court found that Stow had freely and voluntarily confessed, that he had ample time to consult with counsel, that he was not threatened or forced to plead guilty, and that he was aware of the consequences of his guilty plea.
6. Superior Court Criminal Rule 32(d) provides, in relevant part:
If a motion for withdrawal of a plea of guilty or nolo contendere is made before imposition ... of sentence ..., the Court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.
A decision to permit the withdrawal of a guilty plea under Rule 32(d) lies within the sound discretion of the trial court.[1] The burden of showing a fair and just reason to withdraw a plea rests on the defendant.[2] To determine whether a defendant has a fair and just reason to withdraw his plea, the trial court must consider the four "Scarborough factors," which are:
1) Was there a procedural defect in taking the plea;
2) Did [defendant] knowingly and voluntarily consent to the plea agreement;
3) Does [defendant] presently have a basis to assert legal innocence;
4) Did [defendant] have adequate legal counsel throughout the proceedings; and
5) Does granting the motion prejudice the State or unduly inconvenience the Court.[3]
7. In denying Stow's motion, the Superior Court found:
The Court has reviewed the plea colloquy. The defendant freely and voluntarily (1) admitted he committed the crimes and (2) pleaded guilty. He had ample time to confer with counsel, no one threatened or forced him to plead, he was advised of the potential penalties, he waived his trial and appellate rights and stated it was in his best interests to resolve the case through a plea. The plea was knowingly, intelligently and voluntarily given.
8. The Superior Court's order explicitly addresses the first, second and fourth Scarborough factors. The State convincingly argues that the order also implicitly addresses the third and fifth factors.[4]
9. Stow addresses only the second factor, arguing that the Superior Court erred by failing to hold a hearing at which he could present evidence and testimony to establish why he "was forced to enter his plea." Stow also argues that the Superior Court denied his motion without an adequate review of the record or case law. These arguments are without merit.
10. Stow claims that "proper practice contemplates testimony or affidavits presented to the trial judge"[5] to establish that the Superior Court abused its discretion by denying his motion without a hearing. This Court has held that "[c]onclusory allegations of innocence are not sufficient to require withdrawal of a guilty plea."[6] That principle should also apply to conclusory allegations that a defendant was coerced into a guilty plea. Stow had the burden of persuasion. He could have presented affidavits to the Superior Court to support his claim that his guilty plea was procedurally defective. He did not, and a review of the Plea Colloquy does not disclose any basis to infer that Stow was coerced.
11. Stow was assisted by two attorneys, who represented that "[h]aving reviewed all of the evidence and having explained [the evidence and case] to Mr. Stow, [counsel] believe[s] he's making a knowing, a voluntary and an intelligent waiver of his rights." When asked by the Superior Court whether "anyone threatened or forced you to enter into this plea" and "[a]re you satisfied with your lawyers' representation of you and that they fully advised you of your rights and of your guilty plea," Stow replied "[y]es." Other than bare assertion, Stow offers no basis to conclude that he was coerced. It therefore was not an abuse of discretion for the Superior Court to deny his motion.
12. Stow also claims that the Superior Court erroneously denied his motion without adequate review. Stow's claim that the Superior Court did not give his motion due consideration is unsupported. Stow does not cite any case, statute or rule that the Superior Court failed to consider. Nor has Stow presented any authority that mandates a hearing for a motion to withdraw a guilty plea. Stow's claim that the Superior Court did not adequately consider his motion is without merit.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Wells v. State, 396 A.2d 161 (Del. 1978) (citing State v. Insley, 141 A.2d 619, 622 (Del. 1958)).
[2] State v. Friend, 1994 WL 234120, at *1 (Del. Super. May 12, 1994).
[3] Scarborough v. State, 938 A.2d 644, 649 (Del. 2007) (citing State v. Cabrera, 891 A.2d 1066, 1069-70 (Del. Super. 2005)).
[4] The State notes that Stow presented nothing other than a bare assertion to show that he is actually innocent. The State also argues that although the Superior Court did not consider prejudice to the State explicitly, it did so implicitly. Under Delaware case law it "require[s] more than a change of heart by the defendant ... to force the [child] victims [of rape] to once again prepare for trial by reviewing and reliving the incidents with the prosecution and public by testifying about the [sexual] abuse in court." See State v. Drake, 1995 WL 654131, at *6 (Del. Super. November 1, 1995), aff'd, 1996 WL 343822 (Del. June 13, 1996). Stow does not address these arguments.
[5] Insley, 141 A.2d at 622.
[6] Savage v. State, 2003 WL 214963, at *2 (Del. January 31, 2003) (quoting Russell v. State, 1999 WL 507303, at *2 (Del. June 2, 1999)).