# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE        )
                                  )

    v.                          )          Cr. ID No. 1210020252
                                  )

THEODORE JOHNSON,      )
                                  )

      Defendant.        )

Date Submitted:  July 7, 2015
Date Decided:  September 28, 2015

***Upon Defendant's Motion for Postconviction Relief***
**DENIED**

## MEMORANDUM OPINION

Scott D. Goodwin, Deputy Attorney General, Department of Justice, Attorney for the State of Delaware.

Theopalis K. Gregory, Sr., Esquire, The Law Offices of Theopalis K. Gregory, Sr., Attorney for Defendant.

**Rocanelli, J.**

Theodore Johnson ("Defendant") was charged on February 18, 2013, with Robbery First Degree, Wearing a Disguise during the Commission of a Felony, Burglary Third Degree, Theft, and Criminal Mischief. On April 8, 2013, the State offered Defendant a plea to Robbery Second Degree (lesser included offense of the lead charge of Robbery First Degree) and Burglary Third Degree; and the State agreed to recommend sentence of five (5) years at Level V, suspended after thirty (30) months for decreasing levels of supervision ("Initial Plea Offer"). This Initial Plea Offer was especially favorable because the lead charge of Robbery First Degree, which the State would dismiss if Defendant accepted the Initial Plea Offer, carried minimum mandatory time of five (5) years, and the lesser included offense of Robbery Second Degree had no minimum mandatory time. Defendant did not accept the Initial Plea Offer and it expired on May 1, 2013.

Trial was scheduled to begin on September 24, 2013 and, on the day the case was scheduled for trial, Defendant pled guilty to the lead charge, Robbery First Degree. In exchange for Defendant's guilty plea, the State dismissed the remaining charges. On December 12, 2013, Defendant was sentenced to twenty-five (25) years at level V, suspended after six (6) years for decreasing levels of supervision. The sentence of six (6) years of non-suspended time at Level 5 was one (1) year in excess of the required minimum mandatory sentence.

1

Defendant filed a timely motion for postconviction relief ("Initial PCR Motion") on January 27, 2014 as a self-represented litigant. Under the most recent version of Rule 61, Defendant would not have met the requirements for appointment of counsel to represent him in his postconviction proceeding.[1] However, based on his date of filing, Defendant benefitted from an earlier version of Rule 61 which provided that "[t]he court will appoint counsel for an indigent movant's first postconviction proceeding."[2] As a result, on April 23, 2014, Theopolis K. Gregory ("Rule 61 Counsel") was appointed to represent Defendant.

## Background

Defendant was represented three different lawyers attorneys from the inception of this case until he was sentenced. First, Eugene Maurer, Esquire entered his appearance on behalf of Defendant at Defendant's arraignment. No attorney-client agreement was reached for Mr. Maurer's representation of Defendant and Mr. Maurer was permitted to withdraw as counsel by Order dated March 25, 2013. Second, after Mr. Maurer was permitted to withdraw, Raymond Armstrong, Esquire was appointed to represent Defendant. Mr. Armstrong was

---

[1] *See* Super. Ct. Crim. R. 61(e)(2) (stating that the judge may only request appointment of counsel for a defendant seeking to set aside a judgment resulting from a guilty plea if the judge determines that "(i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendre; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.").

[2] Super. Ct. Crim. R. 61(e)(2) (2013).

counsel of record when the Initial Plea Offer was extended by the State. Finally, Defendant retained John Malik, Esquire ("Plea Counsel") whose charge from Defendant was to obtain a more favorable plea offer.

Defendant's first meeting with Plea Counsel was on April 8, 2013, the same day the Initial Plea Offer was extended. A Stipulation of Substitution of Counsel was filed on April 16, 2013. Mr. Malik agreed that he would try to obtain a more favorable plea offer from the State. By its terms, the Initial Plea Offer would expire on May 1, 2013. Plea Counsel was unable to procure a more favorable plea offer for Defendant. The Initial Plea Offer expired when it was not accepted by Defendant by the deadline of May 1, 2013 and, as noted, Defendant eventually accepted a plea offer to the lead charge Robbery First Degree ("Final Plea Offer") on the day of trial, September 24, 2013.

## Defendant's Asserted Grounds for Postconviction Relief

Defendant asserts ineffective assistance of counsel as grounds for relief in his Initial PCR Motion, as follows: (1) failure by all defense counsel of record to argue that the elements of Robbery First Degree were not met by the State; (2) representation by three different attorneys during the course of the pendency of the criminal charges; and (3) Plea Counsel's coercion of Defendant to accept the Final Plea Offer which included a minimum mandatory sentence of five (5) years at Level V. An additional ground for relief is presented in Defendant's Second

3

Amended Motion for Postconviction Relief ("Second PCR Motion") filed by Rule 61 Counsel on February 27, 2015, specifically ineffective assistance of counsel in Plea Counsel's failure to accept the Initial Plea Offer before it expired.

## Procedural Bars to Postconviction Relief

Before addressing the merits of a motion for postconviction relief, this Court must consider the procedural requirements of Rule 61(i).[3] Rule 61(i)(1) requires a motion for postconviction relief be filed within one year after the judgment of conviction is final. Defendant was sentenced on December 12, 2013, and filed his Initial PCR Motion on January 27, 2014. Therefore, Defendant's PCR Motion is not time-barred and will be considered on the merits.

## Standard of Review

Defendant's motion to withdraw his guilty plea on the grounds of ineffective assistance of counsel is governed by Rule 32(d) which provides that after a sentence has been imposed, the "plea may be set aside only by motion under Rule 61."[4] Defendant must establish that the plea "was either 'not voluntarily entered or was entered because of misapprehension or mistake' as to his legal rights."[5] However, because the basis of Defendant's PCR Motion is ineffective assistance of

---

[3] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).
[4] Super. Ct. Crim. R. 32(d).
[5] *Albury v. State*, 551 A.2d 53, 58 (Del. 1988) (quoting *State v. Insley*, 141 A.2d 619, 622 (Del. Super. 1958)).

counsel, the two prong test established in *Strickland* applies to Defendant's claims.[6]

## Ineffective Assistance of Counsel Claims

In order to satisfy Strickland, the movant must demonstrate (1) that counsel's representation fell below an objective standard of reasonableness,[7] and (2) that counsel's errors prejudiced the defendant.[8] In considering the first prong, there is a strong presumption that counsel's actions were professionally reasonable.[9] In considering the second prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[10] Failure to prove either prong renders the claim insufficient.[11]

1. **Defendant cannot establish ineffective assistance of counsel with respect to the elements of Robbery First Degree.**

Defendant argues that counsel was ineffective for failing to challenge whether the State could present a *prima facie* case for Robbery First Degree. Defendant contends that his criminal actions more accurately constitute the crime of Robbery Second Degree because he never displayed a deadly weapon, and

---

[6] *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) ("The two-part test which was articulated in *Strickland* has specifically been held to apply to guilty plea challenges based on a claim of ineffective assistance of counsel.").

[7] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[8] *Id.* at 694.

[9] *Id.* at 688.

[10] *Id.* at 694.

[11] *Id.* at 700.

display of a deadly weapon is an element of Robbery First Degree that must be established by the State.[12]

Defendant's claim is without merit. As a threshold matter, Defendant fails to identify which counsel to whom he is referring. Moreover, assuming that none of the three defense lawyers challenged whether the State could establish a *prima facie* case, an individual may be found guilty of Robbery First Degree when he "[d]isplays what appears to be a deadly weapon *or represents by word or conduct that [he] is in possession or control of a deadly weapon.*"[13]

The record demonstrates that the State had evidence to establish a prima facie case of Robbery First Degree.[14] The victim reported that Defendant had a pistol. More importantly, Defendant admitted in his post-*Miranda* interview that he kept his left hand in his pocket during the robbery as if he had a gun.[15] Accordingly, even if Defendant did not actually display a deadly weapon as he contends, the victim understood that Defendant had a weapon based on Defendant's gestures, and Defendant admitted that he used his hand in his pocket in a manner to represent that he had a gun is a representation by Defendant that

---

[12] 11 *Del. C.* § 832(a), (a)(2)("A person is guilty of robbery in the first degree when the person commits the crime of robbery in the second degree and when, in the course of the commission of the crime or of immediate flight therefrom, the person or another participant in the crime: [. . .] Displays what appears to be a deadly weapon or represents by word or conduct that the person is in possession or control of a deadly weapon [. . .]").

[13] *Id.* (emphasis added).

[14] *Id.*

[15] Second PCR Motion, Mar. 2, 2015, p. 4.

satisfies the standard set forth in Robbery First Degree. On these facts, any challenge on the grounds that Defendant did not *actually* possess a weapon would have been fruitless. Defendant cannot satisfy either prong of *Strickland*. Therefore, Defendant has not established ineffective assistance of counsel.

**2. Defendant cannot establish ineffective assistance of counsel simply because he had multiple lawyers as counsel.**

Defendant contends that counsel was ineffective because Defendant was represented by three attorneys throughout this matter. Defendant cannot meet the *Strickland* test merely because he had multiple lawyers as counsel, especially where, as here, it was Defendant's own decisions that led to the retention of different lawyers at various times. This Court declines to accept Defendant's proposal for presumptive prejudice solely by Defendant being represented by multiple counsel. Instead, Defendant must show representation that fell below an objective standard of reasonableness and actual prejudice.[16] Where, as here, each lawyer met the standard for professionally reasonable conduct and where Defendant has not shown prejudice, Defendant cannot establish and has not established ineffective assistance of counsel.

---

[16] *Strickland*, 466 U.S. at 688, 694.

**3. Defendant cannot establish ineffective assistance of counsel with respect to Defendant's acceptance of the Final Plea Offer.**

Although Defendant contends that Plea Counsel coerced Defendant into accepting the State's Final Plea Offer, Defendant does not offer evidence to support this claim. To the contrary, the record evidence establishes that Defendant's acceptance of the Final Plea Offer on September 24, 2013, was knowing, intelligent, and voluntary.

Pursuant to Superior Court Criminal Procedural Rule 11(c), the Court addressed Defendant personally in open court and determined that Defendant understood the nature of the charge to which the plea was offered and the mandatory minimum penalty of five years provided by law.[17] The Court explained to Defendant the trial rights Defendant waived by accepting the plea.[18] Accordingly, Defendant acknowledged in open court that he understood the rights he was waiving.[19] The Court allowed Defendant additional time to consult with Plea Counsel regarding Defendant's acceptance of the plea.[20] The Court further asked Defendant whether anyone was forcing Defendant to plead guilty, to which the Defendant responded in open court: "No, Your Honor."[21] Finally, Defendant

---

[17] Plea Colloquy at 3-4.
[18] Plea Colloquy at 3- 5, 7, 12-14, 19,
[19] Plea Colloquy at 3, 12-13.
[20] Plea Colloquy at 8, 10 Sept. 24, 2013.
[21] Plea Colloquy at 13.

completed and signed a guilty plea form, which acknowledged that Defendant was pleading guilty freely and voluntarily.

The Supreme Court of Delaware has held that defendants are "bound by those statements" made during the plea colloquy and on guilty plea forms "in the absence of clear and convincing proof to the contrary."[22]  Defendant has not provided any evidence sufficient to satisfy the "clear and convincing" standard required by Delaware law to make a showing that his plea was involuntary. Accordingly, Defendant has not established ineffective assistance of counsel under either prong of *Strickland*.

## 4. Defendant cannot establish ineffective assistance of counsel for Defendant's own decision to decline the Initial Plea Offer.

Defendant contends that Plea Counsel was ineffective for failing to accept the Initial Plea Offer before the time lapsed, and claims that Plea Counsel should have accepted the Initial Plea Offer before it expired if Plea Counsel was unable to negotiate a more favorable plea offer.  Defendant cannot establish either prong of *Strickland*.  Defendant made a strategic decision to stay out of jail and postpone the day of reckoning.[23]

---

[22] *Krafchick v. State*, 100 A.3d 1021, *2 (Del. 2014); *Smith v. State*, 571 A.2d 788 (Del. 1990).

[23] In an email on July 24, 2013, Plea Counsel explained to the State that Defendant had not wanted to accept the Initial Plea Offer because he wanted to stay out of jail and continue working for a longer period of time in order to earn money for his family.  Email from John Malik, Esquire, to Periann Doko, Deputy Attorney General, Delaware Department of Justice (July 24, 2013) (attached as Ex. 3 to State's Response to Defendant's Motion for Postconviction Relief).

A criminal defendant alone is empowered with the fundamental decision of whether to plead guilty.[24] The decision regarding how to plead *must* be made by a criminal defendant and *cannot* be made by defense counsel.[25] Accordingly, Plea Counsel could not accept the Initial Plea Offer on Defendant's behalf because Plea Counsel did not have Defendant's authority to do so. Defendant therefore cannot establish the first prong of *Strickland*. While Defendant may have suffered prejudice when the Initial Plea Offer expired, that result cannot be attributed to Plea Counsel and Defendant also cannot establish prong two of *Strickland*.

### Conclusion

The Court finds that Defendant's claims for postconviction relief are without merit. Defendant has not established ineffective assistance of counsel because Defendant's claims cannot meet the test set forth in *Strickland*.

**NOW, THEREFORE, this 28th day of September, 2015, Defendant Theodore Johnson's Motion for Postconviction Relief is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[24] *Taylor v. State*, 28 A.3d 399, 406 (Del. 2011); *see also State v. Rodriguez*, 2014 WL 1724778, at *5 (Del. Super. Apr. 14, 2014) *aff'd*, 109 A.3d 1075 (Del. 2015) (describing plea decisions as a defendant's fundamental right that cannot be made "for the defendant by a surrogate.").

[25] *Taylor*, 28 A.3d at 406 (explaining that only the defendant has "ultimate authority to make certain fundamental decisions … [such] as whether to plead guilty …").