# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | I.D. No. 1407018228 RRC |
| v. | ) | |
| | ) | |
| MICHAEL J. ATKINSON, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 12, 2015
Decided:  October 23, 2015

On Defendant's Motion for Postconviction Relief.
**SUMMARILY DISMISSED.**

# <u>ORDER</u>

James K. McCloskey, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Michael J. Atkinson, Wilmington, Delaware, *pro se*.

COOCH, R.J.

This 23rd day of October, 2015, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

1.     On March 25, 2015, this Court accepted Michael J. Atkinson's ("Defendant") guilty plea for Assault First Degree and Possession of a Deadly Weapon during the Commission of a Felony. On June 24, 2015, Defendant was sentenced to 25 years at Level V, suspended after two years for 23 years Level IV Halfway House, suspended after six months for Level IV Home Confinement, suspended after six months for 18 months at Level III for Assault First Degree, and six years at Level IV for

Possession of a Deadly Weapon During the Commission of a Felony.

2.      On July 27, 2015, Defendant filed the instant Motion pursuant to Superior Court Rule 61. Defendant asserts two grounds in his Motion. First, he claims that counsel was ineffective in his representation, because his attorney did not represent him aggressively.  Second, Defendant claims that his guilty plea was coerced, because he claims to have been mislead into thinking his family wanted him to plead guilty.

3.      Defendant's argument of ineffective assistance of counsel is without merit. Defendant's argument supporting this claim is grounded in the assertion that his appointed counsel acted timidly and never investigated his case prior to the plea agreement.[1]

4.      To successfully bring an ineffective assistance of counsel claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) the deficiencies prejudiced the claimant by depriving him or her of a fair trial with reliable results.[2]  To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[3]  Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[4] "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[5]  A successful Sixth Amendment claim of ineffective assistance of counsel requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[6]  Furthermore, when a defendant voluntarily signs a plea agreement, that defendant is "bound by

---

[1] Def.'s Mot. for Postconviction Relief at 3.
[2] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).
[3] *Id.* at 667-68.
[4] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[5] *Strickland*, 466 U.S. at 689.
[6] *Id.* at 694.

those statements in the absence of clear and convincing proof to the contrary and he bears the burden of presenting such proof."[7]

5. Defendant's contentions that counsel met with the Defendant only once before the guilty plea and did not represent him "zealously" are vague, conclusory, and do not satisfy either prong of *Strickland*. Defendant has failed to substantiate any concrete showing of actual prejudice. Therefore, without more, this Court can find no basis for relief on Defendant's claim.

6. Next, Defendant contends that defense counsel coerced Defendant into taking the guilty plea.[8] Defendant asserts that counsel stated this was the "plea his family wanted," but counsel allegedly never spoke with Defendant's family. This contention is also without merit. During the plea colloquy, Defendant stated:

> **THE COURT**: Have you freely and voluntarily decided to plead guilty to the charges listed in your written plea agreement?
>
> **THE DEFENDANT**: Yes, sir.
>
> **THE COURT**: Have you been promised anything that's not stated in your written plea agreement?
>
> **THE DEFENDANT**: No, sir.
>
> **THE COURT**: Has your lawyer, the State, or anyone threatened or forced you to enter this plea?
>
> **THE DEFENDANT**: No, sir. . . .
>
> **THE COURT**: Do you understand that what's being done today is final, meaning that you will not be able to come back at any later time to seek to withdraw this guilty plea?
>
> **THE DEFENDANT**: Yes, sir.[9]

---

[7] *Smith v. State*, 1990 WL 1475 at* 1 (Del. Supr. Jan. 4, 1990) (citing *State v. Insley*, 141 A.2d 619, 622 (Del. 1958).
[8] Def.'s Mot. for Postconviction Relief at 3.
[9] Tr. of Plea Hr'g at 4, 8.

3

7. During the plea colloquy Defendant stated that his decision to enter a guilty plea was done without force or coercion. However, now Defendant claims that he was coerced into entering his plea. Defendant has failed to prove by clear and convincing evidence that he should not be bound by his admission of guilt in the plea agreement. Without more than the simple assertion that Defendant was coerced, this Court cannot find merit in his claim.

Therefore, Defendant's Motion for Postconviction Relief is **DENIED**.


**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc: Prothonotary
Investigative Services
Michael J. Atkinson