# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| | ) | |
| STATE OF DELAWARE | ) | |
| | ) | I.D. No. 1405001074 |
| v. | ) | |
| | ) | |
| JERRY SHORTS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: November 30, 2015
Decided:  December 1, 2015

On Defendant's Amended Motion to Withdraw Guilty Plea.
**DENIED.**

# <u>ORDER</u>

Sonia Augusthy, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

T. Andrew Rosen, Esquire, Assistant Public Defender, Office of the Public Defender, Wilmington, Delaware, Attorney for Defendant.

COOCH, R.J.

This 1st day of December, 2015, upon consideration of Defendant's Amended Motion to Withdraw Guilty Plea, it appears to the Court that:

1.  On May 2, 2014, Jerry Shorts ("Defendant") was arrested and charged with Continuous Sexual Abuse of a Child in violation of 11 *Del. C.* § 776, and four counts of Sexual Abuse of a Child First Degree in violation of 11 *Del. C.* § 778.  On February 23, 2015, Defendant entered a guilty plea to an amended charge of Rape Fourth Degree.

2.    On October 27, 2015, Defendant, through counsel, filed an Amended Motion to Withdraw Guilty Plea ("Motion").[1] Defendant states that:

> [a]t [the] case review on November 24, 2014, Defendant accepted a plea to Rape 4 before the Honorable Richard R. Cooch rather than risk a worse outcome at trial based on circumstantial evidence.
>
> During the PSI, Investigative Services asked the victim if the Defendant had any identifying marks (information not requested by the investigating officer). The victim mentioned a mole but could not recall the location (Defendant has a mole on his shoulder that would have been visible under normal circumstances). Defendant suffers from server psoriasis [on his genitalia] which has been confirmed both visually and through medical records which Defendant suggests would certainly have been visible during the type of contact the victim alleges. Previously, this information would only have been available to defense through cross-examination. Defendant indicates that if he had that information at the time of the plea he would not have accepted the State's offer.
>
> Defendant asserts that it could not be a **knowing,** intelligent and voluntary plea if a material fact in the case was not known to him or defense counsel at the time of the plea.[2]

3.    "'The decision whether or not to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court.'"[3] The Court may grant a motion to withdraw a guilty plea for any fair and just reason.[4] In evaluating whether any fair and just reason exists to allow a defendant to withdraw his guilty plea, the Court will weigh five factors:

(1) Was there a procedural defect with the plea;

---

[1] Defendant filed his original Motion to Withdraw Guilty Plea on September 3, 2015. The amended Motion filed in October mirrors the original Motion, and includes additional details in support of the Motion. At a conference held on November 16, 2015, counsel for Defendant stated that he was content to have the Amended Motion to Withdraw Guilty Plea decided on the present record.

[2] Def's. Am. Mot. to Withdraw Guilty Plea ¶¶ 2-4 (emphasis in original).

[3] *State v. Phillips*, 2007 WL 3105749 at* 1 (Del. Super. Sept. 20, 2007) (quoting *Brown v. State*, 250 A.2d 503, 504 (Del. 1969)).

[4] Super. Ct. Crim. R. 32(d).

2

(2) Whether the defendant knowingly and voluntarily consented to the plea agreement;

(3) Whether there is a present basis for the defendant to assert legal innocence;

(4) Did the defendant have adequate legal counsel during the proceedings; and

(5) Will granting the motion prejudice the State or unduly inconvenience the Court.[5]

4. "Only where the judge determines that 'the plea was not voluntarily entered or was entered because of misapprehension or mistake of defendant as to his legal rights' should the judge grant the defendant's request to withdraw his guilty plea."[6] "A defendant's statements to the Superior Court during the guilty plea colloquy are presumed to be truthful."[7] The burden is on the defendant to show that a plea was not entered into voluntarily.[8]

5. On February 23, 2015, Defendant signed the Guilty Plea form and Plea Agreement and entered into a thorough colloquy with this Court. As part of his plea agreement, Defendant agreed to plead guilty to one count of an amended charge of Rape Fourth Degree in violation of 11 *Del. C.* § 770. Defendant also agreed to have no contact with the victim and have a pre-sentence investigation conducted. During his plea colloquy, Defendant was asked, among other things,:

> **THE COURT**: Are you Jerry Shorts?
>
> **THE DEFENDANT**: Yes, sir.
>
> **THE COURT**: Did you sign the guilty plea form after reviewing it carefully with your attorney, Mr. Rosen?

---

[5] *Scarborough v. State*, 938 A.2d 644, 649 (Del. 2007) (citing *Patterson v. State*, 684 A.2d 1234, 1239 (Del. 1996)).
[6] *Id.* at 650 (quoting *State v. Insley*, 141 A.2d 619, 622 (Del. 1958).
[7] *Somerville v. State*, 703703 A.2d 629, 632 (Del. 1997).
[8] *Id.*

3

> **THE DEFENDANT**: Yes, sir . . . .
>
> **THE COURT**: Has your lawyer, the State or anyone threatened or forced you to enter this plea?
>
> **THE DEFENDANT**: No, sir.
>
> **THE COURT**: Do you understand that because you are pleading guilty, you will not have a trial and you, therefore, waive or give up certain constitutional rights?
>
> **THE DEFENDANT**: Yes, sir.
>
> **THE COURT**: Do you understand that those constitutional rights include . . . [the right] to hear and question the witness against you?
>
> **THE DEFENDANT**: Yes, sir . . . .
>
> **THE COURT**: Do you believe that you are knowingly, voluntarily, and intelligently entering a plea of guilty to this charge?
>
> **THE DEFENDANT**: Yes.
>
> **THE COURT**: Do you understand that what's being done today is final, meaning that you will not be able to come back at any later time to seek to withdraw your guilty plea?
>
> **THE DEFENDANT**: Yes, sir.[9]

6.   Defendant cannot show the first or second factors. During the plea colloquy, Defendant acknowledged that he reviewed the plea agreement with his attorney. He stated that his decision was not threatened or forced and he acknowledged that he understood he was giving up certain constitutional rights. Specifically, Defendant stated that he recognized the fact that he was giving up the right to "hear and question witnesses against [him]." Defendant also stated that he understood that his entry of a guilty plea was final and he would not be permitted to withdraw that plea at a later time.

---

[9] Tr. of Plea Hr'g at 4, 5, 6, 9.

7. Similarly, Defendant has failed to demonstrate the third factor, weighing whether the defendant is now able to assert his innocence. Defendant has not shown that he actually has psoriasis, when he contracted the aliment, or that he was experiencing a "flare up" at a time that would have allowed the victim to notice it.[10]

8. Defendant is also unable to demonstrate the fourth factor. His attorney was competent in negotiating a successful plea agreement and reductions in both his sentencing risk and sex offender tier. "[A]t [the] case review on November 24, 2014, Defendant accepted a plea to Rape 4 before the Honorable Richard R. Cooch rather than risk a worse outcome at trial based on circumstantial evidence."[11]

9. Finally, the State and Court would likely be prejudiced by allowing Defendant to withdraw his guilty plea. The State need not show that it would suffer any prejudice when a defendant is unable to demonstrate the other factors.[12] The Court would be unduly inconvenienced because it would be forced to expel more judicial resources than have already been consumed.

10. Defendant failed to demonstrate a any fair and just reason for withdraw of his guilty plea simply because he now is aware of potentially-favorable evidence.

Therefore, Defendant's Motion for Postconviction Relief is **DENIED**.
     **IT IS SO ORDERED.**

                                 _____
                                 Richard R. Cooch, R.J.

cc:    Prothonotary
       Investigative Services

---

[10] "The disease includes symptoms that 'often disappear (go into remission), even without treatment, and then return (flare up).'" Resp. of the State of Delaware to Def's. Am. Mot. to Withdraw Guilty Plea at 6 (quoting Psoriasis Causes, Symptoms, Treatments, WebMD, November 30, 2015, http://www.webmd.com/skin-problems-and-treatments/psoriasis/psoriasis-topic-overview).

[11] Def's. Am. Mot. to Withdraw Guilty Plea ¶ 2.

[12] *State v. Barksdale*, 2015 WL 5676895 at* 6 (Del. Super. Sept. 14, 2015) (citations omitted).