**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

|                        |     |                       |
|------------------------|-----|-----------------------|
| STATE OF DELAWARE      | )   |                       |
|                        | )   | I.D. No. 1401002421   |
| v.                     | )   |                       |
|                        | )   |                       |
| THOMAS D. ALSTON,      | )   |                       |
|                        | )   |                       |
| Defendant.             | )   |                       |

Submitted: September 21, 2015
Decided: December 16, 2015

On Defendant's Motion for Postconviction Relief.
**DENIED.**

# ORDER

Karin M. Volker, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Thomas D. Alston, Howard R. Young Correctional Center, Wilmington, Delaware, *pro se*.

COOCH, R.J.

This 16th day of December, 2015, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

1.    Thomas D. Alston ("Defendant") pleaded guilty to Attempted Rape Second Degree on March 3, 2015.[1] On May 13 Defendant filed a *pro se* Motion to Withdraw Guilty Plea. In his Motion to Withdraw Guilty Plea, Defendant asserted that he received ineffective assistance of counsel, because his attorney

---

[1] Plea Agreement at 1, D.I. 40.

did not file a motion for speedy trial.[2]  A hearing was held by this Court on June 25 and Defendant's Motion to Withdraw was denied for lack of merit.  Immediately Afterwards, Defendant was sentenced by this Court to six years at Level V with decreasing levels of supervision to follow.[3]

2.    On August 26, 2015, Defendant filed a Motion for Postconviction Relief ("Motion").  In his Motion, Defendant claimed he is entitled to relief for violations of due process, speedy trial, and ineffective assistance of counsel.  Defendant stated in his first ground for relief, which he titled "Motion for violation of due process and speedy trial," that he has "documents of [his] defense which would show beyond a reasonable doubt the outcome of the process would have been different with compotent [sic] advice."[4]

3.    Defendant contended in his second ground that his counsel was ineffective because "[his] lawyer deliberately and recklessly with held [sic] information from the Judge and DA (such as on three separate times [he] asked for a lie detector test in which [counsel] said to [him] that it didn't matter)."[5]

4.    Next, Defendant asserted, "[his] lawyer stated that it didn't matter whether [he] had a good defense or not, or telling the truth.  The fact that [the victim] was a juvenile and [he] being a felon a jury would find [him] guilty at trial."[6]

5.    Finally, Defendant stated:

> [he is] claiming that [his] counsel[']s ine[f]fectiveness caused [him] to plead guilty despite [his] documents of defense which would have knowingly lead to an acquittal. [He] was prejudiced by counsel['s] deficient performance in advising [him] to take a plea of guilt[y] of a minimum of 10 to 25 y[ea]rs when in[]fact the sentence carried 2 y[ea]r

---

[2] Def's. Mot. to Withdraw Guilty Plea, D.I. 46.
[3] Sentencing Order, D.I. 49.
[4] Def's. Mot. for Postconviction Relief, at 3.
[5] *Id.*
[6] *Id.*

minimum with 2 to 5 y[ea]rs TIS [guideline], but sentenced to 6 plus 2.[7]

6.      Defendant's first assertion that he suffered a violation of due process and right to a speedy trial is without merit. Defendant's statement that he is in possession of documents that "would show beyond a reasonable doubt the outcome of the process would have been different" is conclusory. Defendant does not name or attempt to describe these documents. Furthermore, Defendant's Motion to Withdraw Guilty Plea was based on a violation of his right to speedy trial. In this Motion, Defendant does not assert any new grounds that would justify revisiting that issue. Therefore, Defendant's arguments that his rights to due process and a speedy trial were violated are without merit.

7.      Similarly, Defendant's assertions that his counsel performed ineffectively also lacks merit. To successfully bring an ineffective assistance of counsel claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) the deficiencies prejudiced the claimant by depriving him or her of a fair trial with reliable results.[8] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[9] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[10] "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[11]

8.      A successful Sixth Amendment claim of ineffective assistance of counsel requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[12] Furthermore, when a defendant voluntarily signs a plea agreement, that defendant is "bound by those statements in the absence of clear and

---

[7] *Id.*

[8] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[9] *Id.* at 667-68.

[10] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

[11] *Strickland*, 466 U.S. at 689.

[12] *Id.* at 694.

3

convincing proof to the contrary and he bears the burden of presenting such proof."[13]

9.     Defendant's contentions that counsel withheld information by not having Defendant submit polygraph evidence; informed him that the jury would be likely to convict him; and his counsel's ineffectiveness caused him to plead guilty are vague, conclusory, and do not satisfy the first prong of *Strickland*. In addition to the strong presumption that counsel's conduct fell into the wide range of acceptable assistance, Defendant voluntarily signed a plea agreement. Defendant has not presented any evidence that is clear and convincing to this Court that he should not be bound to those voluntarily-given statements. Defendant has failed to substantiate any concrete showing of actual prejudice. Therefore, without more, this Court can find no basis for relief on Defendant's claims.

10.     Finally, the Court notes that this is Defendant's first Motion and was timely filed. In situations such as this, it is within the Court's discretion to appoint or not appoint counsel. The Rule states:

> *First postconviction motions in guilty plea cases.* The judge may appoint counsel for an indigent movant's first timely postconviction motion *and request for appointment of counsel* if the motion seeks to set aside a judgment of conviction that resulted from a plea of guilty or nolo contendere only if the judge determines that: (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth *a substantial claim* that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.[14]

11.     This Court declines to appoint counsel for Defendant's Motion, because Defendant did not make any request for representation.

---

[13] *Smith v. State*, 1990 WL 1475, at* 1 (Del. Supr. Jan. 4, 1990) (citing *State v. Insley*, 141 A.2d 619, 622 (Del. 1958)).

[14] Super. Ct. Crim. R. 61(e)(2) (second and third emphasis added).

Furthermore, even if Defendant did request that this Court appoint counsel, that request would have been denied. Defendant's Motion fails to set forth a "substantial claim"[15] that he received ineffective assistance of counsel in relation to his guilty plea. As discussed above, Defendant's claims are vague and conclusory. Also, Defendant has not asserted the existence of any exceptional circumstances that warrant the appointment of counsel.

Therefore, Defendant's Motion for Postconviction Relief is **DENIED**.


**IT IS SO ORDERED.**


_____
Richard R. Cooch, R.J.

cc:     Prothonotary
        Investigative Services

---

[15] "Substantial" is defined as: "[r]eal and not imaginary; having actual, not fictitious, existence <a substantial case on the merits>. Black's Law Dictionary (10th ed. 2014).