DANIEL O. HASTINGS, J.

———•———

PETITION FOR A RULE TO SHOW CAUSE WHY JAMES E. TULL, ALDERMAN OF THE TOWN OF LAUREL, DELAWARE, SHOULD NOT BE ATTACHED FOR CONTEMPT OF COURT.

1. JUDGES—LIABILITY—STATUTES—"OTHER OFFICERS."

The words "other officers," in *Rev. Code*, 1852, *c.* 92, § 2, authorizing the judges of the Superior Court to punish the contempt, omissions, neglects

and defaults of justices of the peace, sheriffs, coroners, clerks, and "other officers" within the state, include the office of alderman, vested with jurisdiction to administer the criminal law.

2. Criminal Law—Courts—Records.

A justice of the peace or an alderman, clothed by the law with original criminal jurisdiction, must keep a record of his judicial proceedings, in order that a person brought before him may avail himself of the constitutional right to bring *certiorari* to review his actions.

3. Judges—"Omissions, Neglects, and Defaults."

An alderman, clothed with original criminal jurisdiction by the town charter, who failed to charge a person brought before him with any offense under the charter, and who tried him for an offense not embraced within the charter, and who fined and imprisoned him for an offense of which he was not tried in an orderly manner, and to which he had not pleaded guilty, and who failed to keep a record of his judicial proceedings was guilty of "omissions, neglects, and defaults," within *Rev. Code* 1852, *c.* 92, § 2, authorizing the judges of the Superior Court to punish the contempt, omissions, neglects, and defaults of enumerated officers.

*(October* 12, 1910.)

Judges Woolley and Hastings sitting.

*Frank M. Jones* for the rule.

*Robert G. Houston, contra.*

Superior Court, Sussex County, October Term, 1910.

Petition for Rule (No. 1, October Term, 1910).

to show cause why James E. Tull, Alderman of the town of Laurel, should not be attached for contempt for certain omissions, neglects and defaults; the character of which appear in the opinion of the court.

Woolley, J., delivering the opinion of the court:

We understand that this action is based upon the statute, the particular section of which (*Rev. Code* 1852, *amended to* 1893, *c.* 92, *p.* 697, § 2) reads as follows:

"*Sec.* 2. The said judges, or any two of them, shall have full power and authority to examine, correct and punish the contempt, omissions, neglects, favors, corruptions and defaults of all justices of the peace, sheriffs, coroners, clerks and other officers within this State; and also shall award process for levying all such fines, forfeitures and amercements as shall be imposed, or recovered, in said court; and generally shall minister justice to all persons, and exercise the jurisdictions and powers hereby granted them, concerning the premises, according to law and equity, as fully

and amply, to all intents and purposes whatsoever, as the justices of the King's Bench and Common Pleas at Westminster, or the Chancellor of England, may or can do."

We are of the opinion that, when the administration of criminal law is vested in an officer not there specifically named, the office of an alderman is included within the general phrase "other officers," and therefore this court has jurisdiction of this rule.

From the hearing in this case we eliminate from this decision any imputation upon this respondent of favors or corruptions or contempt in his office of alderman. We are of opinion, however, that, under this proof, he is guilty of omissions, neglects and defaults which, while small in their character, go to a principle of liberty and independence which makes this case more important than the amount of the penalty imposed would indicate.

Upon the evidence of the respondent himself it appears that he failed to charge these boys with any offense under the provisions of the town charter, and tried them for an offense that is not embraced within the charter. It then appears that Valiant was fined and imprisoned for an offense of which he was not tried in an orderly manner, and to which he had not pleaded guilty.

We think that when an officer, be he justice of the peace or an alderman, is clothed by the law with criminal jurisdiction, he must keep a record of his judicial proceedings in order that a person brought before him may avail himself of the appelate process that may be guaranteed by the law, without which the law's guaranty is of no avail. The Constitution guarantees the right of *certiorari*. We think that in this case, not through bad motives, but through the omissions, neglects and defaults, the respondent was in the wrong in not trying the case in an orderly way upon a charge properly laid, and in convicting the boy without such an orderly hearing or without a plea of guilty; and that he was in error in not keeping a record of his proceedings so that the wrong in his proceedings could be corrected by another tribunal, and therefore we are constrained to make the rule absolute.

This provision calls for punishment, and the punishment in this case depends very much upon the character of the offense.

We are not inclined to make the punishment severe at all, and we will make it as light as we can, consistent with keeping the proceeding respectable; therefore we impose a fine of five dollars and the costs of this proceeding.