THE STATE OF DELAWARE v. JOHN MATUSHEFSKE.

(*October* 1, 1965)

DUFFY, P. J. sitting.

*Jay H. Conner* and *Charles L. Paruszewski,* for the State.

*Victor F. Battaglia* and *Hiram W. Warder,* for defendant, John Matushefske.

Superior Court of Delaware for New Castle County. No. 959 Criminal Action 1963.

DUFFY, President Judge, charging the Jury:

Members of the Jury, in this case the defendant, John Matushefske, is charged with violating the law in the performance of his duties as a Justice of the Peace. You are concerned only with this charge. You are not to determine the guilt or innocence of any other person with respect to any other charge or possible charge. The case which you are called upon to decide is the case of State v. John Matushefske, and this case only.

The charge is based on an indictment returned by the Grand Jury of this County on September 17, 1963. Specifically, it is charged that on or about July 3, 1963, the defendant violated a Delaware statute in the way in which he proceeded in and disposed of a case brought before him as a Justice of the Peace. That particular case involved a prosecution by the State against one William T. Chipman upon a charge of driving under the influence of intoxicating liquor in violation of 21 *Del. C.* Sec. 4111(a).

The defendant denies that he is guilty of any offense charged against him by the State. And at this time I should also note that the fact that the Grand Jury indicted the defendant is not to be considered by you as evidence of his guilt of any crime. Whether he is or is not guilty is for you to determin from the evidence which has been presented during the trail. If your recollection of the evidence differs from anything said about it by counsel, or by the Court, you must be guided entirely by your recollection. Determination of the true facts, and the drawing of any inferences from the proven facts, are matters solely within your province. *State v. Winsett*, Del. Super., 205 A.2d 510 (1964).

It is the Court's duty to instruct you as to the law to be applied by you to the facts, and it is your duty to follow the law as outlined to you by the Court, and apply it to the facts as you find them to be.

As to the law, I first call to your attention a Delaware statute, 11 *Del. C.* Sec. 5910(a), dealing with the issuance of a warrant of arrest. That statute provides, in pertinent part, as follows:

"When complaint is made in due form to a justice of the peace, alleging that an offense has been committed, the justice shall carefully examine the complainant on oath or affirmation and if he considers there is probable ground for the accusation, he shall issue his warrant."

This means that when a complaint is made to a Justice of the Peace that a crime has been committed, the Justice must swear the person who makes the complaint. And after that person takes an oath to tell the truth the Justice is to examine him or question him or take his story. In short, the person who makes the complaint must state the basis for it under oath to the Justice. And then if the Justice is satisfied that there is probable ground for the accusation, he issues a warrant of arrest for the person accused.

In proceedings on arrest and when the arrested person is taken before a justice of the peace, this then brings into play another statute which the defendant is here accused of violating. That statute, which is 11 *Del. C.* Sec. 5913, reads in full as follows:

"Upon the arrest of any person according to the provision of this chapter, the justice of the peace, before whom he is brought in the county where the offense was committed, shall try the case so far as to determine whether the defendant ought to be discharged, or bound for his appearance at court, or held to answer finally before the justice. In which last case, the justice shall proceed to hear fully and to determine the case. But if the matter is not properly cognizable before the justice for final decision, he shall commit, or bind the party for his appearance at the court having cognizance of the case."

This statute means that when a person under arrest is brought before a Justice of the Peace he must try the case, or hear the case, up to a point where he can determine which of three categories

applies to the case. These are:

(1)   The State does not have enough evidence to support a case against the person accused and that person should therefore be discharged; or

(2)   The Justice does not have jurisdiction to hear the case because a justice may not hear cases involving the offense charged, and therefore the person accused should be held to appear in another court; or

(3)   The State does have at least a *prima facie* case against the accused and the Justice has jurisdiction to hear the case and he should therefore proceed to hear all the evidence fully and determine the case.

The Justice of the Peace is not obliged or required to determine which of these categories applies when a person is first brought before him following the issuance of a warrant of arrest. The Justice may grant the accused a continuance for a reasonable time. And the Justice of the Peace is not required to make the determination as to these categories at the same time, that is, on the same day or at the same hearing. At one time he may hear enough of the case to determine that he has jurisdiction, and hear the balance of the case later. Or he may do it all at one time or in one hearing.

But once the Justice of the Peace has determined or decided that the State has a *prima facie* case and that it should be heard in his Court, the Justice then must "proceed to hear fully and to determine" that case.

When must he do this? As to this, the statute fixes no special time, but the law is that he must do this within a reasonable time. And what is reasonable depends upon all the circumstances surrounding the case.

How must he hear the case on its merits? Several

things are pertinent as to this. First, the Justice must give the parties reasonable notice of the time of a hearing. The parties in a criminal case are the State, on the one side, and the accused, on the other side. Notice to the State could be given by either notice to the Attorney General or notice to the person who made the complaint on which the warrant was based. It could also be given in any other way reasonably likely, under the facts of the case, to advise the State of the time fixed for hearing. The Justice of the Peace has no duty to give notice to individual witnesses. He has no duty to call persons to testify before him. His duty is to give notice to the parties, that is, to the State and to the accused. Second, the Justice must give reasonable opportunity to the parties, that is, to the State and to the accused, to present witnesses, to hear the witnesses presented by the opposing side and, of course, to cross-examine those witnesses. And, third, he must decide the case upon the evidence presented by the witnesses at the hearing. The Justice cannot decide the case on its merits by taking into consideration, in any way, the evidence which he took or received before he issued the warrant of arrest.

Such is the law with respect to proceedings before a Justice of the Peace.

I turn now to the specific charges in this case. The State makes two contentions, both of which I will submit for your determination. The first of these is a charge known as nonfeasance in office. Specifically, the State contends that the defendant did not give it notice, through its witnesses or in any other way, of the date of a hearing and that the defendant did not hear its witnesses before deciding the case against William T. Chipman. I should note here that a Justice of the Peace has jurisdiction to hear and determine a charge of driving or operating a motor vehicle while under the influence of intoxicating liquor.

Nonfeasance by a public officer is a crime. A Delaware Justice of the Peace is a public officer. And nonfeasance by a public officer is the willful failure or neglect to perform a duty imposed

upon him by law. Under a charge of nonfeasance the State is not required to show that an accused who wilfully failed or neglected to perform his duty was influenced by a corrupt or evil motive. Such a bad motive is not a necessary element of the crime of non-feasance. The State must show, rather, the existence of a duty imposed upon the accused by law, and the wilful or intentional failure or neglect by the accused to perform that duty. See *State v. Winne,* 12 N.J. 152, 96 A. 2d 63 (1953); *State v. Lally,* 80 N.J. Super. 502, 194 A. 2d 252 (Super. Ct., 1963). Compare In re Tull, 25 Del. 126, 78 A. 299 (Super. Ct., 1910); 43 Am.Jur., Public Officers, Sec. 278; 3 Wharton's Criminal Law and Procedure, Sec. 1406.

I have already outlined to you the duties imposed by law upon this defendant as a Justice of the Peace. If you find, beyond a reasonable doubt, that he wilfully failed or neglected to give the State notice of the date of hearing for the Chipman case, or that he did not hear its witnesses before deciding that case, then you may return a verdict of "Guilty of Nonfeasance in Office." But if you are not so satisfied, or if you have a reasonable doubt in the matter, then your verdict as to the charge of nonfeasance in office should be, "Not Guilty."

I now turn to the second contention made by the State. This is a charge known as misfeasance in office. Specifically, the State contends that the defendant wrongfully and unlawfully made a finding of not guilty and dismissed the prosecution against William T. Chipman.

Misfeasance by a public officer is a crime. As I have already said, a Delaware Justice of the Peace is a public officer. Misfeasance by a public officer, in the context of this case, is the performance of a discretionary act with an improper or corrupt motive. *Commonweath v. Peoples,* 345 Pa. 576, 28 A. 2d 792 (1942). See, also, *Allas v. Borough of Rumson,* 115 N.J.L. 593, 181 A. 175, 102 A.L.R. 648 (1935); 67 C.J.S. Officers Sec. 133.

Under a charge of misfeasance the State is required to show that the act in question was a discretionary one, and that in doing

it the accused acted with a corrupt or evil intent. As to intent, this may be proved by direct evidence as to the state of mind of an accused, or it may be inferred from other facts which are proved to the jury's satisfaction.

As a Justice of the Peace this defendant had the power to dispose of the prosecution against Mr. Chipman. After reasonable notice to the State he had the power to dismiss the charge for lack of prosecution. How the defendant exercised that power was discretionary on his part. If you find, beyond a reasonable doubt, that the defendant made a finding of not guilty and dismissed the prosecution against Mr. Chipman and that this was done by the defendant with an improper or corrupt motive or intent, then you may return a verdict of "Guilty of Misfeasance in Office." But if you are not so satisfied, or if you have a reasonable doubt as to this, then your verdict as to the charge of misfeasance in office should be "Not Guilty."

Circumstantial evidence is received in both civil and criminal cases. Circumstantial evidence is where some facts being proved, another fact follows as a natural or very probable conclusion from the facts actually proved. It is the inference of a *fact* from *other* facts proved; and the fact thus inferred is taken for granted, until the contrary is proved.

Circumstantial evidence, in order to warrant a conviction or to prove a point, must be sufficient to satisfy you beyond a reasonable doubt. The rule is, that where evidence is solely circumstantial, the jury must be satisfied (1) that the circumstances are consistent with the accused's having committed the act in question, and (2) that the circumstances are inconsistent with any reasonable conclusion. In short, a fact established by such evidence must be such as to exclude any other reasonable conclusion. Evidence as to good character or good reputation may be considered by you, if it is proved to your satisfaction. It is to be given such weight, under the circumstances of the case, as you think it is entitled to have — no more, no less.

If you find the testimony to be conflicting by reason of inconsistencies, it is your duty to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you cannot do this, then it is your duty and privilege to give credit to that portion of the testimony which, in your judgment, is most worthy of credit and disregard entirely any portion of the testimony which, in your judgment, is unworthy of credit. In so doing, you should take into consideration the demeanor of the witnesses as they testified before you, their apparent fairness in giving their testimony, their opportunities for learning and knowing the facts about which they testified, and any bias or interest that they may have concerning the outcome of this proceeding.

This defendant, like every other person brought to trial in a criminal proceeding in this State, is presumed to be innocent until his guilt is established to the satisfaction of the jury, beyond a reasonable doubt. The burden of proving the commission of the offense rests upon the State. If, after carefully considering the evidence, you have a reasonable doubt of the defendant's guilt, you should give him the benefit of such doubt. But proof beyond a reasonable doubt, does not mean that the guilt of the accused must be established to an absolute certainty. Such a requirement would be impracticable and unreasonable.

Reasonable doubt does not mean a vague, speculative doubt, nor a mere possible doubt, but a substantial doubt; it is such a doubt as intelligent, reasonable and impartial men may honestly entertain after a careful and conscientious consideration of the evidence in the case.

After a careful and conscientious consideration of the evidence in the case you may return the following verdicts:

(1) As to nonfeasance in office: If you believe beyond a reasonable doubt that the defendant committed that crime as I have defined it to you, then your verdict should be "Guilty of Nonfeasance in Office." However, if you do not so believe, or if you have a

reasonable doubt about it, then your verdict as to this charge should be "Not Guilty."

(2) As to misfeasance in office: If you believe beyond a reasonable doubt that the defendant committed that crime as I have defined it to you, then your verdict should be "Guilty of Misfeasance in Office." However, if you do not so believe, or if you have a reasonable doubt about it, then your verdict as to this charge should be "Not Guilty."

\* \* \*

After the jury had deliberated a number of hours, the Court further instructed the jury as follows:

I do want to say to you that this case is an important one and the trial itself has been long and expensive. Your failure to agree will necessitate another expensive trial. The Court is of the view that the case could not have been better or more exhaustively tried than it has been on each side in this case. It is therefore desirable, if possible, that you reach a verdict.

The Court certainly does not desire that any juror surrender his or her conscientious convictions; but, on the other hand, each juror should conscientiously and honestly perform his or her duty according to the law and the evidence which you have heard in the case. And of course a verdict to which any juror agrees must be the conviction of that person. The verdict to which he agrees must be the result of his convictions and it ought not to be a mere acquiescence in or an agreement to the conclusion of some other member or members of the panel. But in order to get twelve persons, twelve minds, to agree to a unanimous result, you must examine the questions which have been submitted and which are proposed by the trial itself, with candor and with a proper amount of deference and understanding of the views expressed by the other members of the jury.

You ought to consider that the case must be decided at some

time and that you were selected in the same way and from the same source from which any other jury might be selected for this very purpose. There is no reason to suppose at all that the case which has been tried would at any time be submitted to twelve men and women who are more intelligent or more capable or impartial or competent to decide the case. And you should not consider that in another trial more evidence might be presented on either side.

You may conduct your deliberations as you choose, but the Court requests that you again retire and carefully consider the evidence which you have heard in this case during the trial. Return to your jury room and conduct your deliberations as you choose, but I do ask that you look again at the evidence in the light of these comments which I have just made.