# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,            )
                         )
                         )
                         )
                         )
v.                           )        **Cr. A. No. 1603005131**
                         )        **Cr. A. No. 1603007028**
                         )
**DANIEL S. ROTH &**         )
**DANIEL T. STOTE,**         )
                         )
Defendants.                  )
                         )

Nicole Whetham Warner, Esquire
Department of Justice
820 N. French Street, 7th Fl.
Wilmington, DE 19801
*Attorney for the State of Delaware*

R. Mark Taneyhill, Esquire
Schwartz & Schwartz, P.A.
31 Trolley Square
Wilmington, DE 19806
*Attorney for Defendants*

## DECISION AFTER TRIAL

RENNIE, J.

## I. Facts

On October 18, 2016, the Court heard testimony in the consolidated cases of *State v. Daniel S. Roth* and *State v. Daniel T. Stote*. The Defendants were both charged with operation of a vehicle with gross weight that exceeds the registered amount, in violation of 21 *Del. C.* § 4501(a)(2). The State bore the burden of establishing the evidence adduced at trial in support of the charges. After trial, the Court ordered Supplemental Briefing on certain discrete issues for the Court's consideration. Based on the testimony presented at trial, the Court finds the facts to be as follows.

### A. Defendant Daniel Stote

On March 9, 2016, Delaware State Police Corporal Gary Kobosko ("Officer Kobosko"), assigned to the Truck Enforcement Unit, stopped Defendant Stote after Officer Kobosko observed Defendant's 2015 Chevy 2500 pick-up-truck pulling a loaded trailer at U.S. 13 and Delaware 896 intersection. Defendant's vehicle was equipped with a Delaware license plate while his trailer carried a Maine license plate. The Truck Enforcement Unit specializes in size and weight enforcement for the State of Delaware and Delaware Department of Transportation ("DOT").[1] As a certified DOT Officer, Officer Kobosko inspects vehicles that enter Delaware for commercial purposes when vehicles stop at the weigh station. He estimated that he averages five to ten truck stops per day.

Officer Kobosko was alerted to a potential weight violation because of the Maine license plate on Defendant's trailer and the Officer's familiarity with recent ongoing registration issues surrounding Maine registered trailers. Maine allows companies regularly engaged in interstate

---

[1] Officer Kobosko was trained over a two-week period on federal trucking laws at the Maryland State Police Office and Federal Motor Safety Care Association. Officer Kobosko then returned to Delaware to complete Delaware specific training on truck inspection with the Delaware State Police. He was certified in March 2014 as a DOT Officer.

commerce to register multiple vehicles at one time, or register vehicles for multiple year terms, at a reduced cost.[2] Under *Me. Rev. Stat. Ann.* tit. 29, § 512, Maine allows semitrailers and trailers to be registered for semipermanent and permanent registrations, which hold eight and twelve year terms.[3] However, trailers are required to weigh under two-thousand pounds to acquire these registrations while semitrailers register for a flat fee that does not limit the weight of the semitrailer.[4] The semitrailer registration does not indicate weight because it assumes the semitrailer's weight calculation will not exceed eighty-thousand pounds due to its configuration.[5] Accordingly, because the "Long Term Semitrailer Registration"[6] that Defendant obtained is intended for semitrailers as opposed to trailers, the license plate assumes the weight calculation is less than eighty-thousand pounds and, therefore, should not indicate a weight calculation on the registration.

When Officer Kobosko pulled Defendant Stote over to inquire about his trailer's Maine license plate, Officer Kobosko requested the vehicle's registration, trailer's registration, insurance, and Defendant's driver's license. Defendant Stote handed Officer Kobosko a Maine semitrailer registration, which Officer Kobosko concluded was forged because it did not

---

[2] *See Me. Rev. Stat. Ann.* tit. 29, § 411 ("the Secretary of State may authorize registrants with 100 or more motor vehicle registrations to participate in a multi-year fleet registration program"), § 512 ("8-year and 12-year semipermanent registration plate program for trailers and semitrailers").

[3] *See Me. Rev. Stat. Ann.* tit. 29, § 512.

[4] *See Me. Rev. Stat. Ann.* tit. 29, § 512(1)(B) ("The fee is $12 for each semitrailer, and the fee is $5 for each trailer of not more than 2,000 pounds gross vehicle weight.").

[5] *Compare Me. Rev. Stat. Ann.* tit. 29, § 101(66) (requiring the semitrailer to be "[d]esigned so that some part of its weight and its load rests upon or is carried by that motor vehicle"), *with* § 101(86) (requiring the trailer to be "so constructed that no part of its weight rests upon the towing vehicle"). This interpretation of Maine's distinction between semitrailer and trailer is supported by § 512(1)(B), which allows a "semipermanent registration plate program for trailers and semitrailers" that only costs semitrailers twelve-dollars for eight-years or twelve years regardless of weight, while trailers only cost five-dollars but cannot exceed two-thousand pounds. *Me. Rev. Stat. Ann.* tit. 29, § 512(1)(B).

[6] See State Exhibits 1 and 6 which indicate that each Defendant registered his trailer under a "Long Term Semitrailer Registration."

resemble the normal Maine semitrailer registration.[7]   Because of the issues with Defendant

Stote's registration, Officer Kobosko escorted Defendant Stote to the nearest weigh station

where his vehicle and trailer were weighed.   Defendant's truck and trailer weighed twenty-

thousand nine-hundred and eighty pounds, but Defendant's truck was only registered in

Delaware to transport ten-thousand pounds.[8]   Hence, the only valid registration in Defendant's

possession was for his Delaware truck which did not cover his trailer.   Thus, Officer Kobosko

issued Defendant a citation for violating 21 *Del. C.* § 4501(a)(2).

### B.  Defendant Daniel Roth

The State's second witness, Delaware State Police Lesser Corporal Brian Ritchi ("Officer

Ritchi"), inspected Defendant Roth's 2015 Chevy pick-up-truck on March 7, 2016.   Officer

Ritchi is also a Delaware Police Officer in the Truck Enforcement Unit.[9]   Officer Ritchi

inspected Defendant Roth's vehicle after Defendant Roth's vehicle was weighed.   Unlike

Defendant Stote's situation, Officer Ritchi did not find that Defendant Roth's Maine semitrailer

registration was forged because it retained a blank space in the registered weight section.[10]

Defendant Roth failed to register his Chevy pick-up-truck and trailer under a Maryland

gross combination weight rating, and instead opted to register only his pick-up-truck in Maryland

---

[7] Officer Kobosko concluded it was forged because Defendant Stote's Maine registration indicated the vehicle's weight in the "weight block" even though Maine does not indicate weight on these types of registrations; the weight that was indicated was typed in a different font than the rest of the registration; the registration had dulled the colored wording "REGISTRATION COPY" at the bottom of the document; and the paper that the registration was printed on consisted of different material than normal registrations.  Finally, a white line appeared at the bottom of the yellow registration card's reverse side—indicating a photocopied registration.
Defendant Stote's Maine registration was submitted into evidence without objection (State Exhibit 1).

[8] The March 9, 2016 U.S. 13 Blackbird Weigh Station vehicle weight measurement was submitted into evidence without objection (State Exhibit 2).  The Delaware Department of Agriculture-Weights And Measures certified that the U.S. 13 Blackbird Weigh Station was calibrated correctly on May 16, 2016 (State Exhibits 3 and 4).

[9] Officer Ritchi was trained over a two-week period on federal trucking laws at the Maryland State Police Office and Federal Motor Safety Care Association.  Officer Ritchi then returned to Delaware to complete Delaware specific training on truck inspection with the Delaware State Police.  He was certified in 2012 as a DOT Officer.

[10] Defendant Roth's Maryland registration was submitted into evidence without objection (State Exhibit 6).

for ten-thousand pounds. When Officer Ritchi weighed Defendant Roth's vehicle and trailer, they weighed twenty-thousand and forty pounds, which exceeded Defendant's registered weight in Maryland and, thus, violated Delaware law.[11]

## II. Legal Standard

The burden of proving each and every element of the offense beyond a reasonable doubt rests on the State.[12] A reasonable doubt is not a vague, impulsive or imaginable doubt, "but such a doubt as intelligent, reasonable and impartial men may honestly entertain after a conscience consideration of the case."[13] Thus, a reasonable doubt is a "substantial doubt."[14] That is, a reasonable doubt "means a substantial well-founded doubt arising from a candid and impartial consideration of all the evidence or want of evidence."[15] The Court may consider all direct and circumstantial evidence in determining whether the State has met its burden as required by 11 *Del. C.* § 301.

As trier of fact, the Court is the sole judge of the credibility of each fact witness and any other information provided. If the Court finds that the evidence presented at trial contains conflicts, it is the Court's duty to reconcile these conflicts—if reasonably possible—in order to find congruity. If the Court is unable to harmonize the conflicting testimony, then the Court must determine which portions of the testimony deserve more weight in its final judgment. The Court must disregard any portion of the testimony which the Court finds unsuitable for consideration. In ruling, the Court may consider the witnesses' demeanor, the fairness and

---

[11] The March 7, 2016 U.S. 13 Middletown Weigh Station vehicle weight measurement was submitted into evidence without objection (State Exhibit 5). The Delaware Department of Agriculture-Weights And Measures certified that the U.S. 13 Middletown Weigh Station was calibrated correctly on May 16, 2016 (State Exhibits 3 and 4).

[12] 11 *Del. C.* § 301; *State v. Matushefske*, 215 A.2d 443, 449 (Del. Super. 1965).

[13] *Matushefske*, 215 A.2d at 449.

[14] *Id.*

[15] *State v. De Jesus-Martinez*, 2014 WL 7671040, at *4 (Del. Com. Pl. Dec. 5, 2014) (quoting *State v. Wright*, 79 A. 399, 400 (Ct. Gen. Sess. 1911)) (internal quotation marks omitted).

descriptiveness of their testimony, their ability to personally witness or know the facts about which they testify, and any biases or interests they may have concerning the nature of the case.

## III. Law

Under 21 *Del. C.* § 4501(a)(2), "[n]o person shall drive or move, or, being the owner, cause or knowingly permit to be driven or moved on any highway, any vehicle or combination of vehicles: . . . [h]aving a gross weight exceeding that for which it is lawfully registered."[16] Further, Subsection (d) of that statute states:

> Any gross weight measurements made to determine compliance with this chapter shall be taken so as to include both the vehicle and load. Any vehicle having a gross weight in excess of that allowable under this chapter or in excess of that for which it is currently registered shall be considered as an "overweight vehicle."[17]

The Statute authorizes the use of a truck and trailer on Delaware roads and denotes the proper size and weight of vehicles permitted on Delaware roadways.[18] The Delaware Code defines "semitrailer" as "includ[ing] every vehicle of the trailer type so designed and used in conjunction with a motor vehicle that some part of its own weight and that of its own load rests upon or is carried by another vehicle. . . ."[19] Distinctively, the statute defines "trailer" as "includ[ing] a mobile home, park trailer, travel trailer, house trailer, office trailer, camping trailer or any vehicle without motive power designed to carry property or passengers wholly on its own structure and to be drawn by a motor vehicle."[20]

---

[16] 21 *Del. C.* § 4501(a).

[17] 21 *Del. C.* § 4501(d).

[18] 21 *Del. C.* §§ 4501-503.

[19] 21 *Del. C.* § 101(65).

[20] 21 *Del. C.* § 101(76). If no agreement exists between Delaware and another state—the International Registration Plan under *Me. Rev. Stat. Ann.* tit. 29, § 531 is not applicable to the present case—Delaware will provide full privileges to that state's vehicle registrations provided that the vehicles are properly registered under that jurisdiction's laws. 21 *Del. C.* § 406; *see also Danner v. Hertz Corp.*, 584 F. Supp. 293, 302 n.15 (D. Del. 1984) ("At oral argument, plaintiff conceded that defendant's vehicle was exempt from defendant's registration requirements. Such concession is required by the interaction of Delaware and New York's reciprocity statutes."). The International Registration Plan under *Me. Rev. Stat. Ann.* tit. 29, § 531 is not applicable here.

Under Maine law, a pick-up-truck can be registered for up to ten-thousand pounds and the trailer can be separately registered according to its weight, or the truck and trailer can be registered in "combination," which is a weight-calculation based on both the truck and trailer.[21] Similar to Delaware, Maine's motor vehicle statute discusses the allowable sizes and weights of vehicles permitted on Maine's roadways.[22] Maine also draws a distinction similar to Delaware between a "semitrailer" and "trailer," describing the former as resting some of its weight on the hauling vehicle.[23]

## IV. Discussion

The issue in this case is whether there was a violation of registration requirements. In Defendant Stote's case, he has a Delaware registered vehicle for ten-thousand pounds and a trailer purportedly registered in Maine under Maine's semitrailer provision—despite hauling a trailer.[24] In Defendant Roth's case, he has a Maryland registered vehicle for ten-thousand pounds and a Maine registered semitrailer—despite hauling a trailer. Defendant Stote failed to register his trailer in Delaware or Maine for the extra ten-thousand nine-hundred and eighty pounds. Likewise, Defendant Roth failed to register his vehicle and trailer in Maryland with a gross combined weight of twenty-thousand and forty pounds and/or failed to register his trailer in Maine, Maryland, or Delaware for the extra ten-thousand and forty pounds. Thus, Defendants violated Delaware law, 21 *Del. C.* § 4501(2), when the weigh stations' weight-calculations exceeded the weight for which the vehicles and their loads were properly registered.[25]

---

[21] *See Me. Rev. Stat. Ann.* tit. 29, §§ 101, 501(1), 504, 511. Parties submitted supplemental briefing on December 9, 2016 regarding the intersection of Maine and Delaware law in this area.

[22] *Compare Me. Rev. Stat. Ann.* tit. 29, §§ 2353, 2355, *with* 21 *Del. C.* § 2151.

[23] *See Me. Rev. Stat. Ann.* tit. 29, § 101(66), (86).

[24] Defense's only exhibits, which are "Certificates of Origin" from Kaufman Trailers of N.C., Inc., list the "Body Type" as "Trailer." *See* Defense Exhibits 1 and 2. The semitrailer versus trailer distinction is vital because under *Me. Rev. Stat. Ann.* tit. 29, §512(1)(B) the fee for a semitrailer does not require a weight determination. This point is further addressed *infra*.

[25] 21 *Del. C.* § 4501(2).

Neither Defendant disputes that he was driving a truck and trailer on a Delaware State highway. Officer Kobosko testified that Defendant Stote had registered his Delaware vehicle for only ten-thousand pounds.[26] Officer Ritchi testified that Defendant Roth had failed to register his Maryland vehicle for a gross combination weight, registering his truck instead for only ten-thousand pounds. Importantly, neither Defendant disputes the Officers' testimony on their vehicles' registered weights. Finally, neither Defendant disputes that his vehicle and trailer combined, weighed in excess of ten-thousand pounds. Defendants instead contend that the statute only prohibits hauling with a combined weight beyond the allowable weight that the vehicle and trailer can safely transport. Defendants' contention does not comport with the language of the statute.

The plain language of 21 *Del. C.* § 4501 is patently coherent. The language is clear that 21 *Del. C.* § 4501(2)'s calculation is dependent on the vehicle's registered weight, not the weight the trailer can safely transport.[27] Defendants' reliance on 21 *Del. C.* § 4501(f) in support of their position is misguided.[28] Section 4501(f)(4) states:

> Any vehicle, otherwise required to be registered pursuant to this title which is not registered and which requires a registration fee that is calculated upon gross weight, *shall be assigned a weight allowance equal to the highest legal weight for which that vehicle could be registered* for the purpose of enforcement of the weight section of this title.[29]

This paragraph details the procedure for determining penalties of an *unregistered* vehicle. It neither addresses nor states that the gross allowable weight for all vehicles shall be determined based on the weight a vehicle may safely transport. It is obvious that Defendants anticipated

---

[26] In assessing the credibility of the witnesses, the Court finds Officer Kobosko's testimony credible that Defendant Stote's Maine registration was a forgery based on the officer's training and experience.
[27] 21 *Del. C.* § 4501(a)(2).
[28] *Defendants' Supplemental Briefing* at 4 (Dec. 9, 2016).
[29] 21 *Del. C.* § 4501(f)(4) (emphasis added).

leaping through a perceived loophole in the statute's wording. However, such a loophole does not exist.

Defendants also argue in their supplemental brief that 21 *Del. C.* § 406, Delaware's automatic reciprocity statute, prevents the DOT officers from assigning a registered weight of zero to Defendants' Maine registered trailers.[30] Defendants are mistaken. The officers were correct to assign a theoretical weight of zero to Defendants' Maine registration tags since their trailers were registered as semitrailers. Under *Me. Rev. Stat. Ann.* tit. 29, § 512, Maine allows semitrailers and trailers to be registered for semipermanent and permanent registrations; however, semitrailers unlike trailers are registered for a flat fee untethered to weight.[31] Defendants registered their trailers in Maine as semitrailers in a crafty attempt to escape paying a weight-based fee for their trailers, thus, paying for registrations that indicated zero weight.[32]

The evidence adduced at trail demonstrates that Defendants have failed to properly register their trailers to comply with Delaware's registered weight requirements. Therefore, the State has proven beyond a reasonable doubt that Defendant Stote violated 21 *Del. C.* § 4501 when the combined weight of his vehicle and trailer exceeded the amount it was lawfully registered to transport under Delaware law. The State has also proven beyond a reasonable doubt that Defendant Roth violated 21 *Del. C.* § 4501 when the combined weight of his vehicle and trailer exceeded the amount it was lawfully registered to transport under Delaware law.

---

[30] *Defendants' Supplemental Briefing* at 3.

[31] *See Me. Rev. Stat. Ann.* tit. 29, § 512(1)(B) ("[t]he fee is $12 for each semitrailer . . .").

[32] Notably, even if Defendants had registered their trailers under *Me. Rev. Stat. Ann.* tit. 29, § 512, they would not be able to claim a safe harbor because this section only allows trailers to be registered for under two-thousand pounds. *See Me. Rev. Stat. Ann.* tit. 29, § 512(1)(B) ("the fee is $5 for each trailer of not more than 2,000 pounds gross vehicle weight"). Because their trailers exceeded two-thousand pounds, they were required to comply with normal registration fees. *See Me. Rev. Stat. Ann.* tit. 29, § 511(1)(D) ("Except as provided in paragraph A, a trailer exceeding 2,000 pounds must be registered on the basis of gross weight in accordance with the schedule under section 504.").

## V.    Conclusion

For the foregoing reasons, the Court finds Defendant Stote **GUILTY** of driving a vehicle and trailer that weighed in excess of twenty-thousand pounds when the vehicle and trailer were only registered for a weight limit of ten-thousand pounds, in violation of 21 *Del. C.* § 4501.

The Court further finds Defendant Roth **GUILTY** of driving a vehicle and trailer that weighed in excess of twenty-thousand pounds when the vehicle and trailer were only registered for a weight limit of ten-thousand pounds, in violation of 21 *Del. C.* § 4501. This Judicial Officer shall retain jurisdiction of this case and will schedule it forthwith for sentencing.

**IT IS SO ORDERED this 6th day of January, 2017.**

_____
Sheldon K. Rennie,
Judge